IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE ENRIQUE SALINAS
D.V.L.S, SALINAS FAMILY, and
OTHER DOMESTIC AND FOREIGN VICTIMS,

Plaintiffs,

v.

UNITED STATES GOVERNMENT WHITE HOUSE
WASHINGTON, D.C., GOVERNMENT SECTORS
AND PRIVATE SECTORS WORKING WITH THE
STATE OF WISCONSIN AND THE UNITED
STATES GOVERNMENT, and GOVERNMENT AND
PRIVATE GOVERNMENT RELIGIONS,

Defendants.

OPINION and ORDER

26-cv-407-jdp

---

Jose Enrique Salinas, proceeding without counsel, alleges that various governmental and private entitles are conspiring to "implant[]" him and others "with human brain, and body integrated transmission and then being driven into religious submission or driven crazy, or murdered." Dkt. 1, at 1. The court has allowed Salinas to proceed without prepayment of any portion of the filing fee. Dkt. 3.

The next step is for me to screen Salinas's complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

Ordinarily, I must accept a plaintiff's allegations as true when I screen a complaint. But I must reject allegations as factually frivolous if they are "bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007). Salinas's allegations that a group of defendants are conspiring to implant electronic devices in the populace are fantastical and thus

factually frivolous. Therefore, he fails to state a claim against any defendant named in the caption.

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of this lawsuit is appropriate because there isn't any reason to think that Salinas could amend his complaint to fix the problem discussed above.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered May 12, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge